UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROSEMARY MAY OKERE, and A.O., a minor child,

    Petitioners,

v.

ALBERTO GONZALES, *et al.*,

    Respondents.

Case No.  C06-0292-RSL-JPD

ORDER DENYING PETITIONERS' MOTION FOR RELEASE

On March 2, 2006, petitioners, through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging the Board of Immigration Appeals' ("BIA") March 22, 2004, dismissal of petitioners' appeal for failing to file an appeal brief. (Dkt. #1).  At the same time, petitioners also filed a Motion for Stay of Removal Pendente Lite. (Dkt. #2).  Although petitioners filed a motion for stay of removal, petitioners actually seek a temporary release from custody pending adjudication of their habeas petition.  Accordingly, the Court construes petitioner's motion for stay of removal as a motion for release pendente lite.  Respondents did not file a response.  The Court, having considered petitioners' motion and the files and records herein, finds that petitioners have not provided sufficient evidence to meet the high standard for release.  Accordingly, the Court does hereby find and ORDER:

ORDER
PAGE – 1

(1) Petitioners' request for release is DENIED.  The standard for granting release pending a decision on a habeas petition is very high.  To meet it, petitioners must show that their case is an extraordinary one presenting either "special circumstances or a high probability of success."  *See Land v. Deeds*, 878 F.2d 318, 319 (9th Cir. 1989), *citing Aronson v. May*, 85 S. Ct. 3, 5 (1964); *see also Tam v. I.N.S.*, 14 F. Supp. 2d 1184, 1190 (E.D.Cal. 1998).  Under this standard, petitioners must first show that their case is extraordinary, and then, because the second half of the test is phrased in the alternative, petitioners may meet either prong in order to gain release.

Petitioners fail to meet this test, and indeed, fail to even cite the *Land* standard in their brief.  (*See* Dkt. #2).  Petitioners challenge the BIA's March 22, 2004, dismissal of their appeal of the Immigration Judge's October 8, 2002, order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture, and ordering them removed from the United States to Nigeria.  Although not entirely clear, petitioners appear to allege ineffective assistance of their former counsel in failing to file an appeal brief with the BIA.  Petitioners argue that petitioner Rosemary Okere "will suffer irreparable injury in that she will be unable to vigorously pursue the Grievance she filed against her former attorney;" and will suffer irreparable harm by being separated from her fifteen year old son. (Dkt. #2 at 4).  The Court finds that neither argument satisfies the *Land* standard.

Judicial review of a removal order is governed by 8 U.S.C. § 1252, as amended by the REAL ID Act of 2005. Pub. L. No. 109-13, 119 Stat. 231 (codified at 8 U.S.C. § 1252).  This statutory provision provides, in part, that the exclusive means of asserting a challenge to a final order of removal and matters dependent thereon such as the one challenged herein, is to file a Petition for Review with the appropriate court of appeals.  8 U.S.C. § 1252 (b)(2); (a)(5)("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall

ORDER
PAGE – 2

be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter"). This provision establishes that this Court does not have jurisdiction to entertain petitioners' challenge to their removal order. Claims by petitioners in which they challenge the BIA's dismissal of their appeal — a final order of removal — may not be considered in this habeas corpus action. Accordingly, petitioners have not shown that their case is an extraordinary one presenting a high probability of success.

Based on the foregoing reasons, petitioner has not met the standard for release.

(2) The Clerk shall send a copy of this Order to all counsel of record and to the Honorable James P. Donohue, United States Magistrate Judge.

DATED this 31st day of March, 2006.

*[signature]*
Robert S. Lasnik
United States District Judge

Recommended for Entry
this 29th day of March, 2006.

/s/  JAMES P. DONOHUE
United States Magistrate Judge

ORDER
PAGE – 3