UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROSEMARY MAY OKERE, *et al.*, <br><br> Petitioners, <br><br> v. <br><br> ALBERTO GONZALES, <br><br> Respondent. | No. C06-0292RSL <br><br> ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

This matter comes before the Court on petitioners' "Objections to Report & Recommendation" of the Honorable James P. Donohue, United States Magistrate Judge. Petitioners filed this petition for writ of habeas corpus under 28 U.S.C. § 2241. The Court, having reviewed the petition, the related Motion for Stay of Removal Pendente Lite, the Report and Recommendation, petitioner's objections thereto, and the remaining record, finds and ORDERS as follows:

(1) The Court adopts Judge Donohue's finding that the Board of Immigration Appeals' March 22nd order was a "final order of removal" appealable only to the Court of Appeals under 8 U.S.C. § 1252(a). The BIA summarily dismissed petitioners' appeal of the Immigration Judge's order of removal for failure to submit a timely appeal brief. Petitioners apparently do not dispute that the dismissal of the appeal made the IJ's order of removal final and appealable under 8 U.S.C. § 1252.

ORDER DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS

Rather, petitioners argue that the order did not remain final once the BIA reopened the proceedings and remanded the case to the IJ for further consideration. The filing of a motion to reconsider or to reopen a final order of deportation does not necessarily render the original order non-final. See Stone v. INS, 514 U.S. 386 (1995); Jaggernauth v. U.S. Attorney Gen., 432 F.3d 1346, 1350-51 (11th Cir. 2005). The judicial review provisions of 8 U.S.C. § 1252, as amended by the REAL ID Act of 2005, require appeals to be filed almost immediately after the order of removal becomes final, without awaiting the resolution of post-order motions and procedures. Although subsequent adverse BIA decisions may give rise to a second petition for review (which would then be consolidated before the appropriate court of appeals pursuant to 8 U.S.C. § 1252(b)(6)), the final and appealable character of the original order remains unchanged.[1]

(2) Neither the Magistrate Judge nor the undersigned has made any findings regarding the accusation of "marriage fraud."

(3) Petitioners' argument that Rosemary May Okere must be released from detention because of her health problems was not asserted in the petition for habeas corpus or raised in the context of petitioners' motion for pendente lite relief. Nor have petitioners offered any evidence in support of their claim that Ms. Okere has a medical need to be housed in a single occupant cell unit or that such a need is "extraordinary" and presents "special circumstances." See Land v. Deeds, 878 F.2d 318, 319 (9th Cir. 1989). The Court adopts Judge Donohue's determination that petitioner's detention is proper.

(4) The Court adopts the Report and Recommendation in its entirety.

---

[1] In the alternative, an appeal of a final order that had been administratively reversed in the petitioner's favor would be moot.

ORDER DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS            -2-

1  (5) The Petition for Writ of Habeas Corpus is DENIED and the above-captioned action is
2  DISMISSED with prejudice.

4  DATED this 28th day of July, 2006.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS                -3-